1  SEMNAR & HARTMAN, LLP
   Babak Semnar (SBN 224890)
2  bob@sandiegoconsumerattorneys.com
   Jared M. Hartman, Esq. (SBN 254860)
3  jared@sandiegoconsumerattorneys.com
   400 South Melrose Drive, Suite 209
4  Vista, CA 92081
   Ph: (951) 293-4187
5  Fax: (888) 819-8230

6  Attorneys for Plaintiff
   NICOLE BISSETT deROCHEMONT

7

                    **U.S. DISTRICT COURT**
8             **SOUTHERN DISTRICT OF CALIFORNIA**

9  NICOLE BISSETT                    Case No.:  '15CV2215 W    BGS

10 deROCHEMONT an individual,         **COMPLAINT FOR**
                                      **VIOLATIONS OF:**
11         Plaintiff,                   1. **FAIR CREDIT**
       vs.                                **REPORTING ACT**
12                                      2. **CALIFORNIA**
                                          **CONSUMER CREDIT**
13 FIRST NATIONAL BANK OF                 **REPORTING AGENCIES**
   OMAHA, N.A.,                           **ACT,**
14 EXPERIAN INFORMATION
   SOLUTIONS, INC., and
15 TRANS UNION, LLC,

           Defendants.
16

17 TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE
   U.S. DISTRICT COURT JUDGE:

18     Plaintiff, an individual, by and through her attorneys of record, BABAK

19 SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby

20 complains and alleges as follows:

21

                                    1
                          **Complaint for Damages**

# INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendants FIRST NATIONAL BANK OF OMAHA, N.A., (hereinafter "Omaha") EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter "Experian") and TRANS UNION, LLC. (hereinafter "Trans Union") for unlawful credit reporting in connection with an alleged Account belonging to Plaintiff.

2. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

# JURISDICTION & VENUE

3. This action arises out of violations by the various defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter referred to as "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. (hereinafter referred to as "CCCRAA"). Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2), in that all of the defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

## PARTIES & DEFINITIONS

6. The Plaintiff, Nicole Bissett deRochemont ("Plaintiff"), is an adult individual residing in San Diego County, California.

7. Defendant First National Bank of Omaha, N.A. ("FNBO") is a bank with its principal office located in Omaha, Nebraska. FNBO can be served at 1620 Dodge Street, Omaha, Nebraska.

8. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation registered to do business in Texas. Experian can be served in California via its registered agent, C T Corporation System, at 818 W Seventh St., Second Floor, Los Angeles, CA 90017.

9. Defendant Trans Union, LLC ("Trans Union") is a foreign corporation registered to do business in Texas. Trans Union can be served in California via its registered agent, The Prentice-Hall Corporation System, at 2730 Gateway Oaks Dr., Sacramento, California 95833-3503.

## FACTUAL ALLEGATIONS

10. At some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). The Account is a FNBO account with account number 524274209635162.

11. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c) and is a "debtor" as that term is defined by Cal. Civil Code § 1785.3(b).

**Complaint for Damages**

1     12.    FNBO is a furnisher of information to consumer reporting agencies.

2     13.    Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. 1681A(f) and a "consumer credit reporting agency" as defined by Cal. Civ. Code §1785.3(d).

14.    Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. 1681A(f) and a "consumer credit reporting agency" as defined by Cal. Civ. Code §1785.3(d).

15.    The Account allegedly went into default with the original creditor, FNBO, prior to November 2012.

16.    FNBO has provided and continues to provide information to the credit reporting agencies indicating that the date of last activity on the account was February 2012.

17.    On November 19, 2012, Plaintiff filed a chapter seven bankruptcy petition in the Southern District of California, case number 12−15350−LA7.

18.    FNBO was provided notice of Plaintiff's filing of the bankruptcy petition and/or the meeting of creditors by the Bankruptcy Noticing Center on or about November 19, 2012.

19.    On February 21, 2013, the Bankruptcy Court for the Southern District of California entered the discharge of the debtor.

20.    FNBO was provided notice of the Discharge of the Debtor by the Bankruptcy Noticing Center on or about February 21, 2013.

4

**Complaint for Damages**

21.     Despite receiving notice of Plaintiff's bankruptcy petition, FNBO continues to report to Trans Union and Experian that there were "late" payments in April 2013, September 2014 and November 2014 despite the fact that no payments were due because the account was discharged in the bankruptcy referenced above.

22.     Additionally, FNBO continues reporting to Trans Union and Experian that a balance of $10,218 is owed on the Account.

23.     When Plaintiff realized that the incorrect information was continuing to be reported to TransUnion and Experian, Plaintiff mailed a dispute letter to TransUnion and Experian notifying them that the account was included in the bankruptcy.

24.     The dispute letter referenced in paragraph 23 above was received by Experian on November 25, 2014.

25.     The dispute letter referenced in paragraph 23 above was received by Trans Union on December 1, 2014.

26.     Upon information and belief, Trans Union and Experian provided notice of Plaintiff's dispute to FNBO after receiving the dispute letter from Plaintiff.

27.     Upon receiving notice of Plaintiff's dispute, FNBO failed to conduct a reasonable investigation of Plaintiff's claim.

28.     Upon receiving notice of Plaintiff's dispute, Trans Union failed to conduct a reasonable investigation of Plaintiff's claim.

29. Upon receiving notice of Plaintiff's dispute, Experian failed to conduct a reasonable investigation of Plaintiff's claim.

30. As of the filing of this complaint, FNBO continues to report incorrect information to Trans Union and Experian.

31. FNBO's conduct in continuing to report incorrect information to Trans Union and Experian was willful.

32. As a result of FNBO's conduct as detailed above, Plaintiff suffered actual damages by way of loss of creditworthiness, loss of credit opportunities, embarrassment, anxiety, and feelings of hopelessness and despair, as well as out of pocket costs for efforts at credit repair.

33. As of the filing of this complaint, Trans Union continues to allow the incorrect information to be included in Plaintiff's credit file.

34. Trans Union's conduct in failing to conduct a reasonable investigation and in continuing to allow incorrect information regarding the Account to be included in Plaintiff's credit file was willful.

35. As a result of Trans Union's conduct as detailed above, Plaintiff suffered damages by way of loss of creditworthiness, loss of credit opportunities, embarrassment, anxiety, and feelings of hopelessness and despair, as well as out of pocket costs for efforts at credit repair.

36. As of the filing of this complaint, Experian continues to allow the incorrect information to be included in Plaintiff's credit file.

37. Experian's conduct in failing to conduct a reasonable investigation and in continuing to allow incorrect information regarding the Account to be included in Plaintiff's credit file was willful.

38. As a result of Experian's conduct as detailed above, Plaintiff suffered damages by way of loss of creditworthiness, loss of credit opportunities, embarrassment, anxiety, and feelings of hopelessness and despair, as well as out of pocket costs for efforts at credit repair.

## COUNT I – VIOLATION OF FAIR CREDIT REPORTING ACT BY FIRST NATIONAL BANK OF OMAHA, N.A.

39. All prior paragraphs are adopted herein as if set forth word for word.

40. FNBO violated 15 U.S.C. § 1681s-2(a)(8)(E) and 1681s-2(b)(1) by failing to conduct a reasonable investigation with respect to the information Plaintiff disputed.

41. As a consequence of FNBO's actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT II – VIOLATION OF CALIFORNIA CIVIL CODE BY FIRST NATIONAL BANK OF OMAHA, N.A.

42. All prior paragraphs are adopted herein as if set forth word for word.

43. FNBO violated Cal. Civ. Code § 1785.25 by reporting information to one or more consumer credit reporting agencies and by failing to conduct a

reasonable investigation with respect to the information Plaintiff disputed in its dispute letter described above.

44. As a consequence of FNBO's actions, Plaintiff seeks damages pursuant to Cal. Civ. Code § 1785.31.

## COUNT III – VIOLATION OF FAIR CREDIT REPORTING ACT BY EXPERIAN INFORMATION SOLUTIONS, INC.

45. All prior paragraphs are adopted herein as if set forth word for word.

46. Experian violated 15 U.S.C. § 1681i(a)(A) by failing to conduct a reasonable investigation with respect to the information the Plaintiff disputed.

47. Experian violated 15 U.S.C. § 1681i(a)(5) by allowing inaccurate information to be included in the Plaintiff's file after it was informed of the inaccuracy of the information.

48. As a consequence of Experian's actions and omissions, the Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT IV – VIOLATION OF CALIFORNIA CIVIL CODE BY EXPERIAN INFORMATION SOLUTIONS, INC.

49. All prior paragraphs are adopted herein as if set forth word for word.

50. Experian violated Cal. Civ. Code § 1785. 14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in credit reports regarding Plaintiff.

1   51.   Experian violated Cal. Civ. Code § 1785.16 by failing to conduct a
2   reasonable investigation with respect to the information Plaintiff disputed in the
3   dispute letter references above.
4   52.   As a consequence of Experian's actions, Plaintiff seeks damages
5   pursuant to Cal. Civ. Code § 1785.31.

## COUNT V – VIOLATION OF FAIR CREDIT REPORTING ACT BY TRANS UNION, LLC

8   53.   All prior paragraphs are adopted herein as if set forth word for word.
9   54.   Trans Union violated 15 U.S.C. § 1681i(a)(A) by failing to conduct a
10  reasonable investigation with respect to the information the Plaintiff disputed.
11  55.   Trans Union violated 15 U.S.C. § 1681i(a)(5) by allowing inaccurate
12  information to be included in the Plaintiff's file after it was informed of the
13  inaccuracy of the information.
14  56.   As a consequence of Experian's actions and omissions, the Plaintiff
15  seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT VI – VIOLATION OF CALIFORNIA CIVIL CODE BY TRANS UNION, LLC

18  57.   All prior paragraphs are adopted herein as if set forth word for word.
19  58.   Trans Union violated Cal. Civ. Code § 1785. 14(b) by failing to
20  follow reasonable procedures to assure maximum possible accuracy of the
21  information contained in credit reports regarding Plaintiff.

59. Trans Union violated Cal. Civ. Code § 1785.16 by failing to conduct a reasonable investigation with respect to the information Plaintiff disputed in the dispute letter references above.

60. As a consequence of Trans Union's actions, Plaintiff seeks damages pursuant to Cal. Civ. Code § 1785.31.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, and that Plaintiff be awarded damages from each Defendant as follows:

**As to the First Cause of Action (FCRA) against FNBO:**

1. Judgment in favor of the Plaintiff and against FNBO.
2. The greater of actual damages or $1,000.00 from FNBO pursuant to 15 U.S.C. § 1681n(a)(1)(A).
3. Punitive damages from FNBO pursuant to 15 U.S.C. § 1681n(2).
4. Reasonable attorneys fees and costs from FNBO pursuant to 15 U.S.C. §1681n(3).

**As to the Second Cause of Action (CCCRAA) against FNBO:**

5. Judgment in favor of the Plaintiff and against FNBO.
6. Actual damages from FNBO pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).
7. Punitive damages of $100 to $5,000 per violation from FNBO pursuant to Cal. Civ. Code § 1785.31(a)(2)(B).

8. An injunction against FNBO prohibiting any future reporting of the account in question to any credit reporting agency pursuant to Cal. Civ. Code § 1785.31(b).

9. Reasonable attorneys fees and costs from FNBO pursuant to Cal. Civ. Code § 1785.31(d).

**As to the Third Cause of Action (FCRA) against Experian:**

10. Judgment in favor of the Plaintiff and against Experian.

11. The greater of actual damages or $1,000.00 from Experian pursuant to 15 U.S.C. § 1681n(a)(1)(A).

12. Punitive damages from Experian pursuant to 15 U.S.C. § 1681n(2).

13. Reasonable attorneys fees and costs from Experian pursuant to 15 U.S.C. §1681n(3).

**As to the Fourth Cause of Action (CCCRAA) against Experian:**

14. Judgment in favor of the Plaintiff and against Experian.

15. Actual damages from Experian pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).

16. Punitive damages of $100 to $5,000 per violation from Experian pursuant to Cal. Civ. Code § 1785.31(a)(2)(B).

17. An injunction against Experian prohibiting any future inclusion of the account in question on any credit report regarding Plaintiff pursuant to Cal. Civ. Code § 1785.31(b).

18. Reasonable attorneys fees and costs from Experian pursuant to Cal. Civ. Code § 1785.31(d).

**As to the Fifth Cause of Action (FCRA) against Trans Union:**

19. Judgment in favor of the Plaintiff and against Trans Union.

20. The greater of actual damages or $1,000.00 from Trans Union pursuant to 15 U.S.C. § 1681n(a)(1)(A).

21. Punitive damages from Trans Union pursuant to 15 U.S.C. § 1681n(2).

22. Reasonable attorneys fees and costs from Trans Union pursuant to 15 U.S.C. §1681n(3).

**As to the Sixth Cause of Action (CCCRAA) against Trans Union:**

23. Judgment in favor of the Plaintiff and against Trans Union.

24. Actual damages from Trans Union pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).

25. Punitive damages of $100 to $5,000 per violation from Trans Union pursuant to Cal. Civ. Code § 1785.31(a)(2)(B).

26. An injunction against Trans Union prohibiting any future inclusion of the account in question on any credit report regarding Plaintiff pursuant to Cal. Civ. Code § 1785.31(b).

///

///

27. Reasonable attorneys fees and costs from Trans Union pursuant to Cal. Civ. Code § 1785.31(d).

DATED: 10/05/2015                                      /s/ Jared M. Hartman, Esq.
                                                       JARED M. HARTMAN, ESQ.
                                                       Attorney for Plaintiff,

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 10/05/2015                                      /s/ Jared M. Hartman, Esq.
                                                       JARED M. HARTMAN, ESQ.
                                                       Attorney for Plaintiff,